Judge Undeewood
delivered the Opinion of the Court.
This was an action of debt upon anote. Plea, nonest factum. The evidence consisted of a single deposition, conducing to prove a material alteration in thenote, by the payee, after its delivery. The jury, after retiring *222 to consult of their verdict, returned into court, for the purpose of asking instructions as to the law. Among other things, they enquired, whether they were at liberty to try the justice of the claim, or was the contest confined to the alteration of the note? The Judge answered, that the only enquiry for them was, whether the payee of the note had any authority or not from defendant, to strike out Philadelphia, and insert Louisville, Ky. as ,the place of payment, and if the payee had no such authority, they should find for the defendant. Upon the expression of doubts by the jury, in relation to the case, the Judge said, “ that it was the plainest case he had ever seen in court; the note was at first made payable in Philadelphia, and was proved to have been altered to Louisville, Ky.” One of the jury remarked to the court, “ that the testimony of Shain, the witness, was so contradictory as not to be satisfactory.” The counsel for the plaintiff then moved the court to instruct the jury, “ that if they thought the deposition of Shain contradictory, they might discredit his whole evidence, and if they did, they should find for the plaintiff ;” but the court took no notice of the motion, believing it to be out of order to ask an instruction after the jury had retired to consult of their verdict, and had only returned into court to make their oyvn enquiries.
The jury are the exclusive judges of the facts. They may be told by the court, in certain cases, if they believe all the evidence they should find for this or that party, but the court has no right to tell the. jury that they should, or are bound to, believe that the evidence established any particular fact. If the court can do this, it would take from the jury their peculiar province of weighing the credibility of witnesses and the strength of their testimony. If the jury err on these points, the court may grant a new trial, and that is the only corrective. We think the bill of exceptions shews, that the Judge (inadvertently no doubt,) transcended the limits circumscribed by law, in declaring “ that it was the plainest case he had ever seen in court; the note was at first made payable in Philadelphia, and was p.r'oved to have been altered to Louisville, Ky.” The very fact *223 which the jury were trying was, whether “the note was at first made payable in Philadelphia,” and afterwards so altered, without authority, as to be payable at Louisville, Ky. The court undertook to declare how the fact was, in reference to the proof, and as it related to the place of payment; and when a juror expressed his dissatisfaction, owing to the deposition being contradictory, as he conceived, the court gave no explanation on that point, but permitted him to retire under the influence of a positive assertion by the court, that “ the note was at first made payable in'Philadelphia, and was proved to have been altered to Louisville, Ky.” If the jury disbelieved the deposition, they might have concluded that the note when executed and delivered was made payable at Louisville in the first instance. We do not say the jury ought to have disbelieved the deposition.
For this irregularity, amounting we think to an error-in law, we deem it right to reverse the judgment, and grant a new trial.
The plaintiff in error must recover his costs.